**E-FILED**
Tuesday, 15 November, 2016  11:02:38 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE TRUST FUND, by and through its Board of Trustees, et al., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.   1:16-cv-01147-JBM-JEH |
| v. | ) ) ) | |
| RIVER VALLEY MECHANICAL SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 11). As explained below, Plaintiff's Motion for Default Judgment is granted.

### BACKGROUND

On May 12, 2016, Plaintiff filed its Complaint (Doc. 1) pursuant to 29 U.S.C. § 1145, claiming that Defendant failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaint alleges that Defendant is obligated to make contributions to Plaintiff in accordance with collective bargaining agreements and other agreements entered into between Defendant and Steamfitters Local 353 (Doc. 1 at 3). These agreements require, among other things, that Defendant contribute to Plaintiff based on work performed by members of Local 353. *Id.* at 5. Additionally, Defendant is obligated to submit reports to Plaintiff by the tenth of each month stating how many hours were worked in the previous month by each person on whose behalf contributions are to be made; to pay interest on any untimely

contributions, and to pay liquidated damages if contributions are unpaid or untimely. *Id*. at 5-6. Defendant is also obligated to pay Plaintiff's attorney's fees if any action is brought to recover delinquent contributions. *Id*. at 6.

In its Complaint, Plaintiff claims that Defendant has failed to submit the necessary reports and has failed to make the required contributions. *Id*. at 6-7. Additionally, Plaintiff alleges that Defendant owes liquidated damages and interest on those payments as well. *Id*. Defendant was served with the Amended Complaint but has failed to respond or otherwise defend in this action. (Doc. 11 at 2). Defendant was subsequently found in default. *Id*.

## DISCUSSION

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Defendant's default was entered on August 22, 2016. Accordingly, Defendant is liable to Plaintiff under 29 U.S.C. § 1145 based on its failure to timely provide reports, make contributions, or pay liquidated damages and interest required by the collective bargaining agreement between Defendant and Local 353, as alleged in the Complaint.

While liability may be established from the well-pleaded facts of the complaint, a plaintiff must still show it is entitled to the amount of damages it seeks. *Dundee Cement*, 722 F.2d at 1323. Default judgment may not be granted without a hearing on damages unless the amount of damages claimed is "capable of ascertainment from

definite figures in the documentary evidence or in detailed affidavits." *Id*. These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

When a court finds in favor of a plan under 29 U.S.C. § 1145, the plan can be awarded 1) the unpaid contributions; 2) any interest owed on unpaid contributions; 3) the greater of either the interest owed on unpaid contributions or the liquidated damages for which the plan provides; 4) reasonable attorneys' fees and costs of litigation; and 5) any other legal or equitable relief the court finds appropriate. 29 U.S.C. § 1132(g)(2). Plaintiff requests damages in the amount of $68,665.29 plus attorneys' fees and costs in the amount of $8,056.98. (Doc. 11 at 3). To support the figures, Plaintiff has submitted an affidavit from Mel Cox, who works for Healthscope Benefits, the firm entitled to receive and process the fringe benefit contributions. (Doc. 11-3 at 1). The affidavit details the calculation of damages through Remittance Reports, and is accompanied by several spreadsheets and other documentary evidence showing the amount of unpaid contributions, interest, and liquidated damages. (Docs. 11-1; 11-2). The Court has reviewed the materials Plaintiff submitted with its Motion, and has determined Plaintiff has adequately supported its damages request with documentary evidence. As shown by the documentary evidence and detailed affidavits, Defendant owes a total of $68,665.29 to Plaintiff for unpaid benefit contributions, interest, and liquidated damages. (*See* Doc. 11-2).

Plaintiff also asks that it be awarded $8,056.98 for attorneys' fees and costs. (Doc. 11 at 3). Plaintiff has provided three affidavits from James R. Kimmey, each accompanied by an itemization of attorney hours worked on this matter, the hourly

rate at which the attorney worked, and the amount of costs incurred. (Doc. 11-4 at 1-4). Plaintiff's attorneys charged $195 per hour for 33.9 hours and $90 per hour for 9.15 hours. (Doc. 11-4 at 3, Doc. 11-5 at 3, Doc. 11-6 at 3). Cavanagh & O'Hara requested a total of $7,434 in fees and $649.98 in costs, for a requested total of $8,056.98.

In awarding fees under § 1132(g)(2)(D), courts must determine whether the rate charged and the amount of time spent was reasonable. *See Anderson v. AB Painting & Sandblasting Inc.,* 578 F.3d 542, 544-46 (7th Cir. 2009). The Court finds the rate charged by Plaintiff's counsel is a reasonable hourly rate.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. 11) is GRANTED. Plaintiff is AWARDED $68,665.29 in unpaid contributions, interest, and liquidated damages, and $ 8,056.98 in attorneys' fees and costs. The Clerk is directed to ENTER default judgment against Defendant in the amount of $76,722.27.


CASE TERMINATED.


Entered this _15th_ day of November, 2016.


s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge


4